1

# United States District Court
# WESTERN DISTRICT OF KENTUCKY
# 601 W Broadway UNIT 106,
# Louisville, KY 40202

FILED
JAMES J. VILT, JR. - CLERK
MAY 24 2024
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

---------------------------------------------------------------------- )
Ernest Henderson,                                                       )
    Plaintiff                                       )
    7400 Jefferson Blvd Suite 197338                )
    Louisville, KY 40219                            )
Vs.                                                                     )
**Teresa McMahan**                                                      )
**JudgeDistrict Court**                                                 )
LaRue County Courthouse Annex                                           )
209 W. High St. P.O. Box 191                                            )*22-M-270*
Hodgenville, KY 42748                                                   )
                                                                   )
                                                                   )
Judge Jennifer E. Porter,                                               )
Bullitt County Judicial Center                                          )
250 Frank E. Simon Ave. P.O. Box 746                                    )
Shepherdsville, KY 40165                                                )
                                                                   )
                                                                   )
Deborah Lewis Shaw, Judge                                               )
**Deborah Lewis Shaw**                                                  )
**JudgeDistrict Court**                                                 )
9th Judicial District                                                   )
Division 1                                                              )
                                                                   )
Hardin County Sheriff Administration                                    )
50 N Provident Way #101,                                                )
Elizabethtown, KY 42701                                                 )
**Sheriff John Ward**                                                   )
**10 or more deputies including Lieutenant who signed**                 )
**Warrant illegally        4/30/2024**                                  )
                                                                   )
**Hardin County Detention Center**                                      )
100 Lawson Blvd,                                                        )
Elizabethtown, KY 42701                                                 )
Jailer,                                                                 )
Sgt Lewis                                                               )
Sgt Lewis                                                               )
Black Male CO who left after he illegally transported                   )
Ernest Henderson to Bullitt County KY                                   )
Claypool                                                                )

3:24-cv-319-GNS

Joe Funk, assaulted Ernest Henderson on 5/16/2023        )
Bullitt County Detention Center                          )
1671 Preston Hwy,                                        )
Shepherdsville, KY 40165                                 )
**Jailer, Bryan Whittaker**                              )
**Sgt Cowboy**                                           )
**D CO refused to give me his name**                     )
**CO Duburough**                                         )
**CO Carr**                                              )
**CO Underwood**                                         )
**SGT black female who signed illegal paperwork after court** )
**SGT white male who received Ernest Henderson and made** )
**Dormitory or cell assignment for Henderson**           )
                                                         )
Bullitt County Sheriff,  *Sheriff Walt Sholar*           )
Deputy Maddenly                                          )
Deputy Brown: white female                               )
Deputy who replaced Brown on another transport           )
300 Buckman Street                                       )
Shepherdsville, KY 40165                                 )
-------------------------------------------------------------- )

## DUE PROCESS OF LAW, HEARING & JURY TRIAL:

**JURY TRIAL,** A **jury trial** or **trial** by **jury** is a legal proceeding in which a **jury** either makes a decision or makes findings of fact, which then direct the actions of a judge. It is distinguished from a bench **trial**, in which a judge or panel of judges make all decisions.
"An orderly proceeding wherein a person is served with notice, actual or constructive, and has an opportunity to be heard and to enforce and protect his rights before a court having power to hear and determine the case. *Kazubowski v. Kazubowski*, 45 Ill.2d 405, 259, N.E.2d 282, 290."
Black's Law Dictionary, 6th Edition, page 500.

### RULE OF LAW

Can a Judge disregard the Rule of Law and the Constitution, his Oath of Office and his Code of Conduct and be granted immunity by a paragraph in a U.S. Code that is subservient to, and therefore void, if it comes into conflict with the Constitution?

In the event that a Judge can be elevated above the law and somehow be granted immunity for actions well beyond his Jurisdiction, can orders and Judgments that violate statutory and Constitutional law be allowed to stand; including those installed to replace previous Judgments without hearing?

Can federal Judges, in violation of Canon 3 A (4) of the Federal Code of Conduct, deny the full right to be heard according to law, including submittal of evidence?

In a limited government, the question here should be, "Are this citizen's rights being violated by these actions?", and not, "Is the violation of this citizen's rights being violated by these actions?", and not, "Is the violation of this citizen's rights Justified because of overriding government goals and objectives?"
By what authority do you, by oath, servants of the Constitution, ignore its laws and guidelines and govern by rule of man rather than rule of law?

*Monell v. Dep't of Soc. Servs.,*

VS

THE COMMONWEALTH OF KENTUCY
POLICY:

The Plaintiff, Ernest Henderson, without the benefit of counsel, enters a Motion

to Void Honorable Judge Less Hayes decision of guilty in Running Red-Light and driving while

suspended, and to have the State of Alabama to reinstate Ernest Henderson's driver license at no cost to

Ernest Henderson since Judge Teresa R. McMahan, who illegally accepted a plea of guilty in 22-M-270

in illegal court holdings by Jennifer E. Porter of Bullitt County District Court, illegal court proceedings

and to file a *42 U.S. Code § 1983* complaint against Judge Teresa R. McMahan, (Miller) of Larue County

Kentucky where she serves as District Court Judge along with her co-conspirators Jennifer E Porter of

Bullitt County Kentucky and Deborah Lewis Shaw of Hardin County Kentucky for violations of Ernest

Henderson civil rights in their violations of clearly established rules of law within the United States

Constitution in the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments.

IT IS THE COMMONWEALTH OF KENTUCK POLICY THAT JUDGES
ASSIGNED TO ONE COUNTY OF KENTUCKY CAN OPERATE AS A JUDGE
IN ANOTHER COUNTY. *Zeller v. Rankin, 101 S. CT 2020, 451 U.S. 939, 68 L. Ed
2d 326.* , "*Piper v. Pearson, 2 Gray 120, cited in Bradley v. Fishere, 13 Wall, 335,
20.*
IT IS ALSO COMMONWEALTH OF KENTUCY POLICY THAT JUDGES CAN
SERVE AND FILE CHARGES AGAISNT DEFENDANTS THAT HAVE
ALREADY FILED CIVIL CLAIMS AGAINST THEM EVEN THOUGH
KENTUCY EVEN THOUGH KENTUCY CODE OF JUDICIAL CONDUCT 2.7 :
Responsibility to decide:  A judge shall hear and decide matters assigned to the judge, except when
disqualification is required by Rule 2.11 or other law. *Caperton v A. T. Massey Coal Co., 556, U.S. 868
(2009)* exposes Judges to the idea of fairness.
IT IS COMMONWEALTH OF KENTUCY POLICY FOR A PROSEEDING JUDGE
TO DETERMINE WHAT LAWYER WILL DEFEND A CLIENT FROM THE
PUBLIC DEFENDERS OFFICE IN KENTUCY, AND IN ANY CASE A
DEFENDANT DOES NOT HAVE ACCESS TO PUBLIC DEFENDER UNTIL
AFTER ARRAINMENT. *Powell v. Alabama; 287 U.S. 45 (1932)*
*Brady v. Maryland, 373 U.S. 83 (1963)*
*NICK G. ESCAMILLA,*
*Plaintiff-Appellant,*

4

*v.*
*CITY OF CHICAGO, et al.,*
*Defendants-Appellees,*
*Appeal from the United States District Court for the Northern District of Illinois,*
*Eastern Division.*
*No. 13 C 6364*
*Harry D. Leinenweber.*
*Judge.*

On appeal Escamilla contends that his suit was wrongly dismissed as untimely. But the statue of limitations is not an issue because Escamilla's (Ernest Henderson ) constitutional claims have not yet accrued. A due process claim under Brady does not accrue until the plaintiff has been exonerated; Escamilla's conviction still stands, and, thus, he fails to state a claim for relief. See FED. R. CIV. P. 12(b)(6); Heck v. Humphrey. 512 U.S. 477, 486-87, 489-90 (1994); Johnson v. Dossey, 515 F. 3d 778, 781-82 (7th Cir. 2008); Newsome v. McCabe, 256 F. 3d 747, 752 (7th Cir. 2001). Though this case took place in 2011, it cannot be dismissed because of a time matter through NICK G. ESCAMILLA, Plaintiff-Appellant, v. CITY OF CHICAGO, et al., Defendants-Appellees, because a due process claim under Brady does not accrue until the plaintiff Ernest Henderson has been exonerated; Ernest Henderson's conviction still stands, and thus, Ernest Henderson unlike Escamilla's does not fail to state a claim for relief. Therefore the Effort of Ashley Sutherland, Chief Deputy Clerk, Kentucky Court of Appeals, date of 7/25/2022 is voided of any effect The Court in Yates v. Village of Hoffman Estates, Illinois, 209 F. Supp. 757 (N.D. Ill.1962) held that "not every action by a judge is in the exercise of his judicial function....it is not a judicial function for a judge to commit an intentional tort even though the tort occurs in the courthouse. When a judge acts as a trespasser of the law, when a judge does not follow the law, the judge loses subject-matter jurisdiction and the judges' orders are void, of no legal force or effect."

### Background of Case *22-M-270*

February 3, 2022 two white females got into an argument at Waffle House in

Shepherdsville, KY. Ernest Henderson did not comment one way or the other but the argument

was an entrapment for an arrest of Ernest Henderson. Ernest Henderson then made every effort

to avoid getting involved with silence. The two white females were agents of the Shepherdsville,

KY Police Chief Rick MCcurbin who was using *Sherman v. United States; 356 US 369 (1958).*

The two white females kept arguing and one of them said, "Neger". Two white females arguing

and one of them said "Neger". I do not get upset about the word, and I do not allow it to control

my spirit, I did not respond. It overwhelmed the lady so, she said it again. Each time you

performed a delibereate indifference against the United States Constitution by interstate *Daniels*

*v. Williams,* (1986). Intent negligence on the rights of Ernest Henderson by the Shepherdsville

Police Department by creating this environment. Ernest Henderson was asked by a white male, "I know you are the one who called the police". I said no. What threw me the whole night was the none response and acceptance of the behavior and the entire argument by the staff at the Waffle House. It was as if they knew the events were going to take place. The failure lead to a verbal assault by Ernest Henderson towards SPD when they arrived and called the woman by name and told her to leave. Ernest Henderson mentioned to the police department did not follow proper procedure through *Estelle v. Gamble*, 429 U.S. 97 (1976). They just told the white female who was homeless at the time to leave. I mention in my argument to the police, if events happened differently, I was assaulting her, I would be arrested. Then I pursued the police with verbal cursing. The failure of SPD on February 3, 2022 lead to my arrest on April 10, 2022. Ernest Henderson went walking early that Sunday Morning in Shepherdsville, KY across the 65 bridge in Shepherdsville, Ky and notice large amounts of land located in the rear of the 5 star and restaurants. Ernest Henderson decided then he would be back since recently at that time receiving his business license to produce real estate opportunities to create Aquaculture opportunities for business. Later after church Ernest Henderson went in the area of real estate in back and parked on the unpaved portion of the parking lot which is not apartment property. The pond is privately owned. Ernest Henderson notice that the residents, two white females were looking at his vehicle so he let down his window to prove he was not drinking alcohol nor using drugs. Just researching the pond and the area around it. Well Ernest Henderson started enjoying movies on his phone and time got away from him. The apartment residents grew weary of an innocent man sitting in his own vehicle on the unpaved portion of the parking lot and contacted the police. Officer K. Bradshaw appeared and requested a meeting with Ernest Henderson when Ernest Henderson began to express his constitutional rights, and the words out of K Bradshaw

#102 were, "I don't care about your constitutional rights I want to talk to you". He then requested I get out of the vehicle and I started against reading the constitutional case that requires an articulate probable cause to retrieve me from the vehicle in Terry v Ohio. Requires an reasonable articulate suspicion that Ernest Henderson was about to commit a crime sitting in his vehicle watching movies on his phone. The unpaved parking lot is private property. The only person that could have called the police is the owner of the pond, and house which includes the unpaved portion of the parking lot. Just because it was Shepherdsville, Ky and I was black out at night is not a reasonable, articulate suspicion. The approach was wrong and voids any arrest. Mr. Bradshaw calls for backup and the officer who responded with the other 9 sheriff and police officers came to Ernest Henderson without saying a word and bust my window out on drivers side and K Bradshaw #102 went to passenger side and bust it out for no reason. Ernest Henderson front window was busted and the R/O Bradshaw #102 went to passenger side while Ernest Henderson was being pulled from the truck. Once Ernest Henderson was arrested then officer read Ernest Henderson his marinda warning while already handcuffed and arrested sitting in the back seat of the car.

*Green v. United States, 355 U.S. 184 (1957)*

*Ashe v. Swenson, 397 U.S. 436 (1970)*

**Teresa McMahan**
**JudgeDistrict Court**
*10th Judicial District*

**KENTUCKY CODE**

**OF**

**CONDUCT**

Like all exceptions to the finality rule, it is intended to solve instances where too rigid an adherence to the finality requirement would cause a severe hardship and injustice with a particular litigant.

**Rule 2.6** Ensuring the Right to be Heard (A) A judge shall accord to every person who has a legal interest in a proceedings, or that person's lawyer, the right to be heard according to law. (B) A judge may encourage parties to a proceeding and their lawyers to settle matters in dispute but shall not act in a manner that coerces any party into settlement.

I.      When a judge knows that he lacks jurisdiction, or acts in face of clearly valid statues expressly depriving him of jurisdiction, judicial immunity is lost. Rankin v. Howard, 1980) 633 F. 2d 844, cert den. Zeller v. Rankin. 101 S. Ct 2020, 451 U.S. 939, 68 L. Ed 2d 326. Where there is no jurisdiction, there can be no discretion, for iscretion is incident to jurisdiction. *"Piper v. Pearson 2 Gray 120,* cited in *Bradley v. Fisher,* 13 Wall, 335, 20 L. Ed. 646 (1872). "No judicial process, whatever form it may assume, can have any lawful authority of the limits of the jurisdiction of the court or judge by whom it is issued; and an attempt to enforce it beyond these boundaries is nothing less than lawless violence." *Ableman v. Booth, 21 Howard 506 (1859).* The Court in Yates v. Village of Horrman Estates, Illinois, 209 F. Supp. 757 (N.D. Ill. 1962) held that "not every action by a judge is intentional tort even though the tort occurs in the courthouse. When a judge acts as a trespasser of the law, when a judge does not follow the law, the judge loses subject-matter jurisdiction and the judges' orders are void, of no legal force or effect."

(a). Teresa McMahan (Miller), Judge District Court acted in 22-M-270 when she did not have a right to act. She accepted a plea deal where their were not witnesses present against a defendant in Bullitt County where she does not serve as a judge. She serves La Rue County Kentucky where she is a judge. *Wilkins v. U.S.C.A. 24 C.A.* 5 (Ala) Indictment under civil rights conspiracy statue must allege that it was intent of defendants, (judges of Kentucky), by their conspiracy, to hinder or prevent enjoyment of some right granted or secured by constitution, and must charge positively and not inferentially everything essential, although it is not necessary that indictment for substantive offense, nor is it necessary to any overt act. Judge Teresa McMahan (Miller, Judge District Court of La Rue County Kentucky signature on plea agreement must be voided that took place on 05/14/2024 in secretive in Bullitt County Kentucky Court would not have existed without the illegal arrest of 4/30/2024 in Hardin County Kentucky Courthouse and no plea would have been accepted in she was impartial. *Caperton v. A. T. Massey Coal Co., 556 U.S. 868 (2009). Caperton v. A. T. Massey Coal Co., 556 U.S. 868 (2009)* exposes Judge Teresa McMahan(Miller) Judge District Court of La Rue County Kentucky unfairness and her bias working in Bullitt County Kentucky on 22-M-270 that does not exist. If Judge Teresa McMahan(Miller) Judge District Court of La Rue County Kentucky had simply gathered all of the documents and researched she would have had to rule differently but she was not in performing in Bullitt County Kentucky in a due process manner, so all of her decisions made in 22-M-270 must be avoided especially the acceptance of a plea agreement in case by Ernest Henderson that does not exist.

(b). The Due Process Clause incorporated the common-law rule requiring recusal when a judge has "a direct personal, substantial, pecuniary interest". Ernest Henderson filing of 3:22-cv-435-RGJ, No full time judge as well as Teresa McMahan of Larue County Kentucky, can serve in a case where Ernest Henderson is involved. Deborah Lewis Shaw as well as her replacement C.D.

Reed both participated in the entrapment of the arrest(s) that created the Due Process of Law violations in 23-M-1296 and 22-M-270. There both none responses to court documents filed by Ernest Henderson voids (both cases 23-M-1296 and 22-M-270). The *Court in Yates v. Village of Hoffman Estates, Illinois, 209 F. Supp. 757* (N.D. Ill.1962) held that "not every action by a judge is in the exercise of his judicial function….it is not a judicial function for a judge to commit an intentional tort even though the tort occurs in the courthouse. When a judge acts as a trespasser of the law, when a judge does not follow the law, the judge loses subject-matter jurisdiction and the judges' orders are void, of no legal force or effect."

( c ). Because the objective standards implementing the Due Process Clause do not require proof of actual bias, this Court does not question Teresa McMahan (Miller), on the grounds of Justice Benjamin's subjective findings of impartiality and propriety in *Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009)* and need not determine whether there was actual bias. Rather, the question is whether, "under a realistic appraisal of psychological tendencies and human weakness," the interest "poses such a risk of actual bias or prejudgment that the practice must be forbidden if the guarantee of due process is to be adequately implemented." Withrow, 421 U.S., at 47. There is a serious risk of actual bias here when a person with a personal stake in a particular case juste like in **22-M-270** Judge Jennifer E. Porter, 55th Judicial District Division 2, had a significant and disproportionate influence in placing Judge Teresa McMahan, (Miller) on case by filing false warrant, and assisting in the raising of funds for Teresa McMahan (Miller) run for District Court Judge. *Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009)*

## Teresa Renee McMahan Miller for District Court Judge

The proper inquiry centers on the contribution's relative size in comparison to the total amount contributed to the campaign, the total amount speant in the election, and the apparent effect of the contribution on the outcome. It is not whether the contributions were a necessary and sufficient cause of Benjamin's victory. In an election decided by fewer than 50,000 votes, Blankenship's campaign contributions—compared to the total amount contributed to the campaign, as well as the total amount spent in the election—had a significant and disproportionate influence on the coutcoe. And the risk that Blankenship's influence engendered actual bias is sufficiently substantial that it "must be forbidden if the guarantee of due process is to be adequately implemented." Ibid. The temporal relationship between the campaign contributions, the justices's election, and the pendency of the case is also critical, for it was reasonably foreseeable that the pending case 22-M-270 would be before Judge Teresa Renee McMahan Miller, and she needs help raising funds to be a District Court Judge in La Rue and Hart Counties. There is no allegation of quid pro quo agreement, but the extraordinary contributions were made at a time when Blankenship had a vested stake in the outcome. Just as no man is allowed to be a judge in his own cause, similar fears of bias can arise when –without the other parties' consent—a man chooses the judge in his own cause. Applying this principle to the judicial election process, there was here a serious, objective risk of actual bias that required Justice Benjamin's recusal. Pp11-16.

2. The second instance emerged in the criminal contempt context, where Judge Teresa McMahan had no pecuniary interest in the case but had determined in her earlier activities associated with C.D. Reed, Judge who served on 23-M-1296 who violated several constitutional rights of Ernest Henderson and Teresa Renee McMahan (Miller) replaced C.D. Reed when he retired from judgeship in 2022. Teresa McMahan was seeking information and access to Ernest Henderson's to benefit the *Wilkins v United States C.A. 5 (Ala) 1967* that was already in play behind the efforts of members of Hardin County District

Court and Bullitt County District Court with co-conspirator Grayson County District Court. Proceedng whether plea by Ernest Henderson was legit in guilty plea in 22-M-270 or whether criminal charges should have been brought in 23-M-1296 and then proceed to try and convict the petitioners. In re Murchison, 349 U.S. 133. Finding that "no man can be a judge in his own case," and no man is permitted to try cases where he has an interest in the outcome," id., at 136, the Court noted that the circumstances of the case and the prior relationship required recusal. The judge's prior relationship with defendant in 22-M-270 and 23-M-1296 as well as the information acquired from the prior proceeding, was critical. In reiterating that the rule that "a defendant in criminal contempt proceedings in 22-M-270, should be tried before a judge other than the one revild by the contemnor, Judge Jennifer E. Porter,", Mayberry v. Pennsylvania, 400 U.S. 455, 466, rests on the relationship between the judge and the defendant, id., at 465, the Court noted that the objective inquiry is not whether the judge is actually biased, but whether and the average judge in his position is likely to be neutral or there is an unconstitutional" 'potential for bias,' ' id., at 466. Pp. 9-11 as here where as here where the defendant in 22-M-27 and Judge Jennifer E. Porter have a prior relationship 3:22-CV-435-RGJ, Jennifer E. Porter 55th Judicial District Division 2 Judge is the defendant, and the one signing an illegal warrant illegally served on 4/30/2024 by Hardin County Sheriff Deputies in Hardin County District Court and Jennifer E. Porter co-worker Deborah Lewis Shaw, the entrapper in the arrest on 4/30/2024 with the creaters of the entrapment which is totally against the In re Murchison, 349 U.S. 133 where Deborah Lewis Shaw violated clearly established rules of law within the United States Constitution and violates the elements of a fair trial.

A fair trial in a fair tribunal is a basic requirement of due process. Fairness, of course, requires an absence of actual bias in the trial of cases. But our system of law has always endeavored to prevent even the probability of unfairness. To this end, no man can be a judge in his own case, and no man is permitted to try cases where he has an interest in the outcome. That interest cannot be deined with precision. Circumstances and relationships must be considered. This Court has said, however, that "Every procedure which would be offer a possible temptation to the average man as a judge not to hold the balance nice, clear, and true between the State and the accused denies the latter de process of law." *Tumey v. Ohio, 273 U.S. 510, 273 U.S. 532.* Such a stringent rule may sometimes bar trial by judges who have no actual bias and who would do their very best to weigh the scales justice equally between contending parties. But, to perform its high function in the best way "justice must satisfy the appearance of justice", which here in 22-M-270, was violated through *Offutt v United States,* 348 U.S 11, 348 U.S. 14 Page 349 U.S. 137.

### Standard of Review

When a defendant challenges the voluntariness of his or her confession under the U.S. Constitution, the State must prove the statement was voluntarily given by a preponderance of the evidence. *Fikes v. Alabama,* 352 U.S. 191 (1957) We examine the totality of the circumstances as presented by the record, and are guided by several factors including police coercion; the status

of the defendant as a former mental patient of the State of Alabama, and Judicial misconduct, excessive sentencing, conspiracy. failure to provide continuance for legal assistance, and the mental state of the defendant.  BEECHER v. ALABAMA, 389 U.S. 35 (1967) 389 U.S. 35.

When a judge knows that he lacks jurisdiction, or acts in face of clearly valid statutes expressly depriving him or jurisdiction, judicial immunity is lost.  Rankin v. Howard, 1980) 633 F.2d 844, cert den.  Zeller v. Rankin, 101 S. Ct. 2020, 451 U.S. 939, 68 L.Ed 2d 326.

". . . the admissibility of a confession in a state criminal prosecution is tested by the same standard applied in federal prosecutions since 1897, when, in Bram v. United States, 168 U.S. 532 , the Court held that `[i]n criminal trials, in the courts of the United States, wherever a question arises whether a confession is incompetent because not voluntary, the issue is controlled by that portion of the Fifth Amendment to the Constitution of the United States, commanding that no person "shall be compelled in any criminal case to be a witness against himself."' Id., at 542. Under this test, the constitutional inquiry is not whether the conduct of state officers in obtaining the confession was shocking, but whether the confession was `free and voluntary: that is, [it] must not be extracted by any sort of threats or violence, nor obtained by any direct or implied promises, however slight, nor by the exertion of any improper influence. . . .' Id., at 542-543; see also Hardy v. United States, 186 U.S. 224, 229 ; Wan v. United States, 266 U.S. 1, 14 ; Smith v. United States, 348 U.S. 147, 150 ." [389 U.S. 35, 40]

### Discussion

[T]he Fourteenth Amendment forbids the use of involuntary confessions not only because of the probable unreliability of confessions that are obtained in a manner deemed coercive, but also because of the "strongly felt attitude of our society that important human values are sacrificed where an agency of the government, in the course of securing a conviction, wrings a confession out of an accused against his will."

*Jackson v. Denno,* 378 U.S. 368, 385–86 (1964) (quoting Blackburn v. Alabama, 361 U.S. 199, 206–07 (1960)). Additionally, there is a "deep-rooted feeling that the police must obey the law

while enforcing the law; that in the end life and liberty can be as much endangered from illegal methods used to convict those thought to be criminals as from the actual criminals themselves." Id. at 386 (quoting Spano v. New York, 360 U.S. 315, 320–21 (1959)). A confession obtained through custodial interrogation after an illegal arrest should be excluded unless intervening events break the casual connection between the arrest and the confession so that the confession is sufficiently an act of free will to purge the primary taint. Pp. 689-690. TAYLOR v. ALABAMA, 457 U.S. 687 (1982) 457 U.S. 687. In sum, Ernest Henderson's confession was the fruit of his illegal arrest. Under our decisions in *Brown v. Illinois* and *Dunaway v. New York,* the confession clearly should not have been admitted at his trial in 22-M-270 illegally prosided over by Judge Teresa R. McMahan,(Miller). The Fifth Amendment to the Constitution provides that "No person shall * * * be deprived of life, liberty, or property, without due process of law * * *"; and the Sixth Amendment guarantees that "The accused shall enjoy the right * * * to have the Effective Assistance of Counsel." These rights were denied plaintiff in this motion Ernest Henderson. *SHAPIRO v. UNITED STATES.* "It is vain to give the accused a day in court with no opportunity to prepare for it, or to guarantee him counsel without giving the latter any opportunity to acquaint himself with the facts or law of the case.*" Powell v. Alabama, 287 U.S. 45 (1932).* Yes, Judge Teresa McMahan offered counsel, but Ernest Henderson had informed the head attorney of Office Mike Smith served out of on May 13, 2024 that he had filed a civil rights case against Jennifer E. Porter and the head person Mr. Russell still allowed his representative to take a plea deal on behalf of Ernest Henderson, but he did not grant a continuance for preparation of defense which is a denial of due process of law and at the last minute was his offer which is a failure through *Powell v Alabama, 287 U.S. 45 (1932)* because he did not guarantee a continuance after his offer for the appointed legal counsel to obtain

familiarity with the facts of the case. It was just an offer to pursue his already pre-appointed sacrifice of justice on behalf of the failures of the Phenix City, Al Police Department and State of Alabama through other efforts to ruin the life of Ernest Henderson without due process. Judge Teresa R McMahan, (Miller), also denied Ernest Henderson full benefit of time served and shortened time to 15 days served when Ernest Henderson served 78 days on illegal warrants filed by Judge Jennifer E. Porter in 22-M-270.

### Discussion

[T]he Fourteenth Amendment forbids the use of involuntary confessions not only because of the probable unreliability of confessions that are obtained in a manner deemed coercive, but also because of the "strongly felt attitude of our society that important human values are sacrificed where an agency of the government, in the course of securing a conviction, wrings a confession out of an accused against his will."

*Jackson v. Denno,* 378 U.S. 368, 385–86 (1964) (quoting Blackburn v. Alabama, 361 U.S. 199, 206–07 (1960)). Additionally, there is a "deep-rooted feeling that the police must obey the law while enforcing the law; that in the end life and liberty can be as much endangered from illegal methods used to convict those thought to be criminals as from the actual criminals themselves." Id. at 386 (quoting Spano v. New York, 360 U.S. 315, 320–21 (1959)). A confession obtained through custodial interrogation after an illegal arrest should be excluded unless intervening events break the casual connection between the arrest and the confession so that the confession is sufficiently an act of free will to purge the primary taint. Pp. 689-690. TAYLOR v. ALABAMA, 457 U.S. 687 (1982) 457 U.S. 687

In sum, Ernest Henderson's confession was the fruit of his illegal arrest. Under our decisions in Brown v. Illinois and Dunaway v. New York, the confession clearly should not have been admitted at his trial. The Fifth Amendment to the Constitution provides that "No person shall * * * be deprived of life, liberty, or property, without due process of law * * *"; and the Sixth

Amendment guarantees that "The accused shall enjoy the right * * * to have the Assistance of Counsel." These rights were denied plaintiff in this motion Ernest Henderson.  SHAPIRO v. UNITED STATES.  "It is vain to give the accused a day in court with no opportunity to prepare for it, or to guarantee him counsel without giving the latter any opportunity to acquaint himself with the facts or law of the case." Powell v. Alabama, 287 U.S. 45 (1932)  Yes, Judge F P Lofton offered counsel to Ernest Henderson, but he did not grant a continuance for preparation of defense which is a denial of due process of law and at the last minute was his offer which is a failure through Powell v Alabama, 287 U.S. 45 (1932).  The **Assistance of Counsel Clause** of the Sixth Amendment to the United States Constitution provides: "In all criminal prosecutions, the accused shall enjoy the right...to have the Assistance of Counsel for his defence.  Under *Argersinger v. Hamlin*, 407 U.S. 25 (1972), counsel must be appointed in any case resulting in a sentence of actual imprisonment.

*Hamilton v. Alabama*, 368 U.S. 52 (1961), was a case heard by the Supreme Court of the United States. Hamilton was charged in an Alabama court with breaking and entering a dwelling at night with intent to ravish, and had pleaded not guilty. He had then been convicted and sentenced to death. The Court ruled unanimously that the absence of counsel at the time of his arraignment violated Hamilton's due process rights under the Fourteenth Amendment.  A suspended sentence that may "end up in the actual deprivation of a person's liberty" may not be imposed unless the defendant was accorded "the guiding hand of counsel" in the prosecution for the crime charged. *Argersinger* , 407 U. S., at 40. Pp. 4–19. Judge Teresa McMahan did not present K. Bradshaw nor Jennifer E. Porter for cross examination, examination or confrontation of witnesses which is a requirement by the United States Constitution voids Teresa R. McMahan acceptance of guilty plea in 22-M-270. *Elliot v. Piersol, 1 Pet. 328, 340, 26 U.S. 328, 340* (1828).  Under federal Law,

14

which is applicable to all states, the U.S. Supreme Court stated that "of a court is without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void, and form no bar to a recovery sought, even prior to a reversal in opposition to them. They constitute no justification and all persons concerned in executing such judgments or sentences are considered, in law, as trespassers." `Scheuer v. Rhodes, 416 U.S. 232, 94 S. Ct. 1683, 1687 (1974). Note: By law, a judge is a state officer. The judge then acts not as a judge, but as a private individual (in his person). When a judge acts as a trespasser of the law, when a judge does not follow the law, the Judge loses subject-matter jurisdiction and the judges' orders are not voidable, but VOID, and of no legal force or effect. The U.S. Supreme Court stated that "when a state officer acts under a state law in a manner violative of the Federal Constitution, he comes into conflict with the superior authority of that Constitution, and he is in that case stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct. The State has no power to impart to him any immunity from responsibility to the supreme authority of the United States."

# United States District Court
# WESTERN DISTRICT OF KENTUCKY
## 601 W Broadway UNIT 106,
## Louisville, KY 40202

```
----------------------------------------------------------------- )
                                                                   )
Ernest Henderson,                                                  )
        Plaintiff                                                  )
        7400 Jefferson Blvd Suite 197338                           )
        Louisville, KY 40219                                       )
Vs.                                                                )
Teresa McMahan                                                     )
JudgeDistrict Court                                                )
                                                                   )
LaRue County Courthouse Annex                                      )
209 W. High St. P.O. Box 191                                       )22-M-270
Hodgenville, KY 42748                                              )
                                                                   )
Judge Jennifer E. Porter,                                          )
Bullitt County Judicial Center                                     )
250 Frank E. Simon Ave. P.O. Box 746                               )
Shepherdsville, KY 40165                                           )
                                                                   )
Deborah Lewis Shaw, Judge                                          )
Deborah Lewis Shaw                                                 )
JudgeDistrict Court                                                )
9th Judicial District                                              )
----------------------------------------------------------------- )
```

I contend, with substantial case law and Constitutional fact, that a focused campaign to deny a person of their rights under statutory and Constitutional law is not a Judicial function, and is beyond Judicial capacity.

Absolute immunity, without reasonable limits, allows for Judges and their decisions to be elevated above the Constitution. This would void a Constitutional government and allow dictatorship (government without the people's consent).1

---

1 Note: [Copied verbiage.] Judges have given themselves Judicial immunity for their Judicial functions. Judges have no Judicial immunity for criminal acts, aiding, assisting, or conniving with others who perform a criminal act or for their administrative/ministerial duties, or for violating a citizen's constitutional rights. When a Judge has a duty to act, he does not have discretion-he is then not performing a Judicial act; he is performing a ministerial act.

Nowhere was the Judiciary given immunity, particularly nowhere in Article III; under or Constitution, if Judges were to have immunity, it could only possibly be granted by amendment (and even less possibly by legislative act), as Art. I, Sections 9  10, respectively, in fact expressly prohibit such, stating, "No Title of Nobility shall be granted by the united States" and "No state shall…grant any Title of Nobility." Most of us are ce3rtain that Congress itself doesn't understand the inherent lack of immunity for u.

Article III, Sec. 1, "The Judicial Power of the united States shall be vested in one supreme court, and in such inferior courts, shall hold their offices ring good behavior."

Article six of the United States Constitution clearly states, Where there are conflicts of law, the U.S. Constitution is the Supreme Law of the Land because it was created first by the sovereign people. It says so right in the document itself.

"This Constitution, and the Laws of the united States which shall be made in Pursuance thereof, and all Treaties made, or which shall be made, under the Authority of the united States, shall be the supreme Law of the Land; and the Judges in every State shall be bond thereby, any Thing in the Constitution or Laws of any state to the Contrary notwithstanding."
[Article 1 united States Constitution]

Therefore, Judges are bond by the Constitution, and a paragraph in a U.S. Code does not relieve a Judge of this duty or allow for unconstitutional Judgments to stand.2

---

Tort Insurance Law Journal, Spring 1986 21 n3, p 509-516, "Federal tort law: Judges cannot invoke Judicial immunity for acts that violate litigants' civil rights."-Robert Craig Waters

2Cooper v. Aaron, 358 .S. 1, 8 S. Ct. 1401 (1958)

Note: Any Judge who does not comply with his oath to the Constitution of the United States wars against that Constitution and engages in acts in violations of the supreme law of the land. The Judge is engaged in acts of treason.

The .S. Supreme has stated that "no state legislator or executive or Judicial officer can war against the Constitution without violating his undertaking to support it". See also In Re Sawyer, 124 .S. 200 (188); .S. v. Will, 449 .S. 200, 216, 101 S. Ct. 41, 66 L. Ed. 2d 392, 406 (1980); Cohens v. Virginia, 19 .S. (6 Wheat) 264, 404, 5 L. Ed 25 (1821)

Pulliam v. Allen, 466 .S. 522 (1984); 104 S. Ct. 1781, 1980, 1981, and 1985

In 1996, Congress passed a law to overcome this ruling which stated that Judcial immunity doesn't exist; citizens can Use Judges for prospective innactive relief.

"Or own experienced is fully consistent with the common law's re-election of a rule of Judicial immunity. We never have had a rUle of absolute Judicial immunity. At least seven circuits have indicated affirmatively that there is no immunity…to prevent irreparable injury to a citizen's constitutional rights…"

## QUALIFIED IMMUNITY DENIED

Ernest Henderson, the Plaintiff, in the above styled cause, and for the reason for Motion to Void, Expundge from Record the decision of Judge Teresa McMahan, Larue County Ky Judge who filled in for Judge Jennifer E. Porter and participated in illegal actions outside of her judicial jurisdiction; Presiding Judge of Larue County KY, on May 14, 2024 was out of jurisdiction as a judge and any verdict rendered or received as guilty by Ernest Henderson in 22-M-270 must be voided because Judge Teresa McMahan acted when she did not have a right to act. Whenever a judge acts where he does not have jurisdiction to act, the judge is engaged in an act or acts of treason S. v Will, 449 U.S. 200, 216, 101 S.Ct. 471, 66 L. Ed. 2d 392, 406 (1980); Cohens v. Virginia, 19 US. (6 Wheat) 264, 404, 5 L.Ed 257 (1821).

This *Monell v. Dept. of Social Services of City of New York,* 436 U.S. 658 (1978) *42 U.S. Code § 1983* complaint is being filed by Ernest Henderson the plaintiff in this complaint. This portion of the *42 U.S. Code § 1983* complaint will focus on the immunity defense denial and claims for immunity that Judge Teresa McMahan, Jennifer E. Porter, who filed at least six Failure to Appear claims against Ernest Henderson will lose her immunity while we discussed her actions outside of her judicial jurisdiction and any claims for denial of his constitutional rights by plaintiff Ernest Henderson for this *42 U.S. Code § 1983* complaint. The actions by Judge Jennifer E. Porter; Judge 55th Judicial Jurisdiction of Bullitt County Kentucky along with her co-workers Deborah Lewis Shaw Judge Division 1 of Hardin County as well as Teresa McMahan of LaRue County Kentucky all operated totally outside of their jurisdiction as Judges' and committing violations of Ernest Henderson's civil rights outside their jurisdiction disqualifies A judge must be acting within his jurisdiction as to subject matter and person, to be entitled to immunity from civil action for his acts. Davis v. Burris, 51 Ariz. 220, 75 P.2d 689 (1938). No man in this country is so high that he is above the law. No officer of the law may set that law at defiance with impunity. All the officers of the government from the highest to the lowest, are creatures of the law, and are bound to

obey it.  United States v. Lee, 106 U.S. 196, 220, 1 S.Ct. 240, 27 L.Ed. 171 (1882).  Buckles v. King County 191 F.3d 1127, *1133 (C.A.9 (Wash.), 1999).  *42 U.S. Code § 1983* - Civil action for deprivation of rights state; Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

*Prigg v. Pennsylvania,* 16 Pet. 539. There, Mr. Justice Story, writing for the Court, held that Art. IV gave slave-owners a federal right to the unhindered possession of their slaves in whatever State such slaves might be found. 16 Pet. at 41 U. S. 612. Because state process for recovering runaway slaves might be inadequate or even hostile to the rights of the slave-owner, the right intended to be conferred could be negated if left to state implementation. *Id.* at 41 U. S. 614. Thus, since the Constitution guaranteed the right, and this, in turn, required a remedy, Story held it to be a "natural inference" that Congress had the power itself to ensure an appropriate (in the Necessary and Proper Clause sense) remedy for the right. *Id.* at 41 U. S. 615.  Building on *Prigg,* Shellabarger argued that a remedy against municipalities and counties was an appropriate -- and hence constitutional -- method for ensuring the protection which the Fourteenth Amendment made every citizen's federal right. *Monell v. Department of Soc. Svcs.,* 436 U.S. 658 (1978) made *Monroe v. Pape,* 365 U. S. 167 overturn through *Prigg v Pennsylvania,* 16 Pet. 539 which makes governments voidable of immunity as well as the individual of the harm directed towards the states citizens through *Monroe v. Pape,* 365 U.S. 167 where congress in fact had the authority to make government entities liable among the "persons" to which § 1983 applies.  A municipality such as the City of Bullitt County Kentucky as CommonWealth of Kentucky is considered a "person" for the purposes of

§ 1983 actions for the actions caused by Montgomery Municipal Court executives; Presiding Teresa R McMahan, and are being sued directly for constitutional violations which it has itself caused, pursuant to official municipal policy. *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 690, 98 S.Ct. 2018, 2035, 56 L. Ed. 2d 611

The City of Shepherdsville, KY loosed immunity Accordingly, *Monroe v. Pape* is overruled insofar as it holds that local governments are wholly immune from suit under § 1983. Pp. 436 U. S. 664-689. A judge must be acting within his jurisdiction as to subject matter and person, to be entitled to immunity from civil action for his acts. *Davis v. Burris*, 51 Ariz. 220, 75 P.2d 689 (1938). Judge Jennifer E. Porter; Presiding Judge over 22-M-270, Shepherdsville, KY immunity id denied through *Pulliam v. Allen* 466 U.S. 522 (1984), which held that absolute judicial immunity does not extend to injunctions or attorney's fees. *Prigg v. Pennsylvania,* 16 Pet. 539. makes all government employees such as in this case Presiding Court Judge Jennifer E. Porter, Bullitt County Detention Center, Hardin County Detention Center, and Grayson County Detention Centers, along with all officers who made illegal arrest, their cities, Leithfield, KY, Shepherdsville, Kentucky, Elizabethtown, Kentucky acting outside of their jurisdiction and as well as immunity voidable and also makes the City of Shepherdsville, KY; the government for their failures to act on behalf of its citizen(s): Ernest Henderson liable to the Ernest Henderson the citizen filing this complaint *42 U.S. Code § 1983* , which is a "Civil action for deprivation of rights state". *Pulliam v. Allen* 466 U.S. 522 (1984), which held that absolute judicial immunity does not extend to injunctions or attorney's fees. Judge Jennifer E. Porter fraudulent warrant that led to a guilty plea received by Judge Teresa R. McMahan, (Miller), receiving a guilty plea in a case where she did not have a right to act, decision of guilty of Ernest Henderson, decision is voidable through `Scheuer v. Rhodes, 416 U.S. 232, 94 S. Ct. 1683, 1687 (1974). Note: By law, a judge is a state officer. The judge then acts not as a judge, but as a private individual (in his person). When a judge acts as a trespasser of the law, when a judge does not follow the law, the Judge loses subject-matter jurisdiction and the judges' orders are not voidable, but VOID, and of no legal force or effect. The U.S. Supreme Court stated that "when a state officer acts under a state law in a manner violative of the Federal Constitution, he comes into conflict

with the superior authority of that Constitution, and he is in that case stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct. The State has no power to impart to him any immunity from responsibility to the supreme authority of the United States. The Hardin County Sheriff Deputies that made the illegal arrest, the Bullitt County Sheriff Deputies that made the illegal transport, The Elizabethtown, KY Police Department denied immunity through *Monell v. Department of Soc. Svcs.*, 436 U.S. 658 (1978) and the city of Elizabethtown, KY, City of Shepherdsville, KY, Leitchfield, KY, Radcliff, KY, Franklin, KY, and Louisville, Kentucky held accountable for the efforts of the Bullitt County, Hardin County, executives,; police officer(s), who all failed to act on behalf of the citizen Ernest Henderson as well as the police chief Bryan David Riley of Leitchfield, Ky and all participated in this Brady Rules violations through *42 U.S. Code § 1983* complaint for their failure to act on behalf of their citizen Ernest Henderson, which holds the Common Wealth of Kentucky, accountable through *Prigg v. Pennsylvania,* 16 Pet. 539 for what took place in their Bullitt County Courthouse of Shepherdsville, KY and their failure to act on behalf of their citizen Ernest Henderson which was a deliberate indifference act through *Daniels v Williams,* (1986) and did not follow proper procedure in failing to act through *Estelle v Gamble*, 429, U.S. 97 (1976).

### ARGUMENT

Relief is possible when a person in the position of a Judge does knowingly disregard Constitution and civil rights of others, his Oath of Office, and the Alabama Supreme Court Rules Code of Conduct. When a Judge steps beyond the boundaries that define his powers as a Judge, he then becomes an individual and is therefore responsible for his actions as such.

Constitution Supreme Clause Article VI, Clause 2 of the Constitution (This Constitution, and the Laws of the United States which shall he made in Pursuance thereof; ….shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any state to the Contrary notwithstanding.) Absolute immunity is

21

Subsequent interpretations of the Civil Rights Act by this Court acknowledge Congress' intent to reach unconstitutional actions

by all state and federal actors including judges...The Fourteenth Amendment prohibits a tate [federal] from denying any person

[citizen] within its jurisdiction the equal protection under the laws. Since a State [or federal] acts only by its legislative,

executive or judicial authorities, the constitutional provisions must be addressed to those authorities, including state and federal

judges."

We conclude that judicial immunity is not a bar to relief against a judicial officer acting in her [his] judicial capacity."

This is defined by law as the Stripping Doctrine.

    In Ex Parte Young, 209 U.S. 123 (1908), the Supreme Court provided an important exception to the 11th Amendment sovereign immunity States enjoy: the Stripping Doctrine.

    The Stripping Doctrine is a legal fiction which allows injunctive relief against what are essentially state actions. While the 11th Amendment immunizes Statesfrom actions by private parties, the Stripping Doctrine argues tht when a state officer takes an unconstitutional action, he acts beyond the scope of his authority the officer was "stripped" of his official power and cannot invoke the State's immunity, although he remains subject to the consequences of his official conduct.

    The doctrine is a legal fiction because the officer, in acting unconstitutionally, was outside his official duties, but the citizen can now sue him for injunctive relief in her official capacity. Unless a citizen can enjoin the action the officer took in her official capacity, no remedy could be provided for an otherwise unconstitutional action (as the State itlsef is immune from prosecution).

contrary.

The presence of malice and the intention to deprive a person of his civil rights is wholly

incompatible with the judicial function.

U.S. Supreme Court Reports, PIERSON v. RAY, 386 U.S. 547 (1967) 386 U.S. 549 PIERSON ET AL. v.

RAY ET AL.

When a judge acts intentionally and knowingly to deprive a person of his constitutional rights he

exercises no discretion or individual judgment; he acts no longer as a judge, but as a "minister" of his own

prejudices. [386 U.S. 547, 568].

The Judge, by ignoring guidelines as set by law, did lose jurisdiction in the matter. His acts then

became ultra vires or outside of the powers of his jurisdiction.

"Jurisdiction, although once obtained, may be lost, and in such case proceedings cannot be

validly continued beyond the point at which jurisdiction ceases". Federal Trade Commission v. Raladam

Co., 283 U.S. 643, 75 L. Ed. 1324, 51 S.Ct. 587.

For the purposes of review, it has been said that clear violations of laws on reaching the result, such as

acting without evidence when evidence is required, or making a decision contrary to all the evidence, are

just as much jurisdictional error as is the failure to take proper steps to acquire jurisdiction at the beginning of the proceeding. Borgnis v. Falk Co., 133 N.W. 209.

"No sanction can imposed absent proof of jurisdiction". *Stanard v. Olesen, 74 S.Ct. 768.* "Once jurisdiction is challenged, it must be proved". Hagans v. Levine, 415 U.S. 533, n.3.

Without jurisdiction, the acts or judgments of the court are void and open to collateral attack. McLean v. Jephson, 123 N.Y. 142, 25 N.E. 409.

Under Federal law which is applicable to all states, the U.S. Supreme Court stated that if a court is "without authority, is judgments and orders are regarded as nullities. They are not voidable, but simply void; and form no bar to a recovery sought, even prior to a reversal in opposition to them. They constitute no justification; and all persons concerned in executing such judgments or sentences, are considered, in law, as tresspassers."

Elliot v. Piersol. ! Pet. 328, 340, 26 U.S. 328, 340 (1828)

When a judge acts as a trespasser of the law, when a judge does not follow the law, the judge loses subject-matter jurisdiction and the judges orders are void, of no legal force or effect.

The U.S. Supreme Court, in Scheurer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683. 1687 (1974) stated that "when a state officer acts under a state law in a manner violative of the Federal Constitution, he "comes into conflict with the superior authority of that Constitution, and he is in that case stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct. The State has no power to impart to him any immunity from responsibility to the supreme authority of the United States." 'Emphasis supplied in original]. By law, a judge is a state officer.

The judge then acts not as a judge, but as a private individual (in his person). The U.S. Supreme Court has state that "No state legislator or executive or judicial officer can war against the Constitution without violating his undertaking to support it."

While in the discussion of his verdict it was stated as that part of the segment of the order entered by Presiding Municipal Court Judge Less Hayes used an adjective to describe Ernest Henderson and the adjective was "Big Boy". Presiding Municipal Court Judge Less Hayes in open court on said date, ruled

in favor of the officer who wrote the fraudulent ticket and by doing so did so without evidence and showed a deliberate indifference towards justice by interstate *Daniels v. Williams,* (1986) and did not follow proper procedure through *Estelle v Gamble*, 429, U.S. 97 (1976). When judges act when they do not have jurisdiction to act, or they enforce a void order (an order issued by a judge without jurisdiction), they become trespassers of the law, and are engaged in treason.

The Court in Yates v. Village of Hoffman Estates, Illinois, 209 F. Supp. 757 (N.D. Ill. 1962) held that "not every action by a judge is in exercise of his judicial function...it is not a judicial function for a judge to commit an intentional tort even though the tort occurs in the courthouse."

Cooper v. Aaron. 358 U.S. 1. 78 S.Ct. 1401 (1958). Any judge who does not comply with his oath to the Constitution of the United States wars against that Constitution and engages in acts in violation of the Supreme Law of the Land. The judge is engaged in acts of treason.

If a judge does not fully comply with the Constitution, then his orders are void, In re Sawyer, 124 U.S. 200 (1888), he is without jurisdiction, and he has engaged in an act or acts of treason.

Whenever a judge acts where he does not have jurisdiction to act, the judge is engaged in an act or acts of treason S. v Will, 449 U.S. 200, 216, 101 S.Ct. 471, 66 L. Ed. 2d 392, 406 (1980); Cohens v. Virginia, 19 US. (6 Wheat) 264, 404, 5 L.Ed 257 (1821).

[T]he *Fourteenth Amendment* forbids the use of involuntary confessions not only because of the probable unreliability of confessions that are obtained in a manner deemed coercive, but also because of the "strongly felt attitude of our society that important human values are sacrificed where an agency of the government, in the course of securing a conviction, wrings a confession out of an accused against his will."

*Effective Assistance of Counsel:* "[T]he right to counsel is the right to the effective assistance of counsel."[243] From the beginning of the cases holding that counsel must be appointed for defendants unable to afford to retain a lawyer, the Court has indicated that appointment must be made in a manner that affords "effective aid in the preparation and trial of the case." Thus, ineffective assistance provided by retained counsel provides a basis for finding a Sixth Amendment denial in a trial. Though this was traffic court, the violations where many and the conspiracy between Presiding Court Judge Less Hayes

and Municipal Court Supervisor James Tolbert was complex and therefore the plaintiff was in need of expert legal assistance that would have been effective because these acts of violence were committed by Municipal Court Executives of Law in Presiding Municipal Court Judge Less Hayes and Supervisor of Montgomery Municipal Court both of Montgomery, AL.

   *Colorado v Connelly:; 479 U.S. 157 (1986).*
*Held:*
1. Coercive police activity is a necessary predicate to finding that a confession is not "voluntary" within the meaning of the Due Process Clause. Here, the taking of respondent's statements and their admission into evidence constituted no violation of that Clause. While a defendant's mental condition may be a "significant" factor in the "voluntariness"
Page 479 U. S. 158
calculus, this does not justify a conclusion that his mental condition, by itself and apart from its relation to official coercion, should ever dispose of the inquiry into constitutional "voluntariness." Pp. 479 U. S. 163-167.
2. Whenever the State bears the burden of proof in a motion to suppress a statement allegedly obtained in violation of the *Miranda* doctrine, the State need prove waiver only by a preponderance of the evidence. *Lego v. Twomey,*, 404 U. S. 477, reaffirmed. Thus, the Colorado Supreme Court erred in applying a "clear and convincing evidence" standard. That court also erred in its analysis of the question whether respondent had waived his *Miranda* rights. Notions of "free will" have no place in this area of constitutional law. Respondent's perception of coercion flowing from the "voice of God" is a matter to which the Federal Constitution does not speak. Pp. 479 U. S. 167-171.
   702 P.2d 722, reversed and remanded.

   The **Double Jeopardy Clause** of the Fifth Amendment to the United States Constitution provides:

"[N]or shall any person be subject for the same offence to be twice put in **jeopardy** of life or limb . . . ."

The four essential protections included are prohibitions against, for the same offense:

- retrial after an acquittal;
- retrial after a conviction;
- retrial after certain mistrials; and
- multiple punishment

In *United States v. Felix* 503 U.S. 378 (1992), the U.S. Supreme Court ruled: "a[n]...offense and a conspiracy to commit that offense are not the same offense for double jeopardy purposes." Sometimes the same conduct may violate different statutes. If all elements of a lesser offense are relied on to prove a greater offense, the two crimes are the "same offense" for double jeopardy purposes, and the doctrine will bar the second prosecution. Presiding Municipal Court Judge Less Hayes failed to adhere to a clearly

established case law found in the United States Constitution 5th Amendment through highway *Arizona v. Rumsey*, 467 U.S. 203 (1984), though the acquittal of Ernest Henderson was erroneous through the conspiracy between Presiding Municipal Court Judge Less Hayes of Montgomery Municipal Court and James Tolbert; Supervisor of Montgomery Municipal Court of Montgomery, AL they on April 14, 2011, the acquittal must stand; since the officer was not present on April 14, 2011 which shows the officer who wrote the Running Red-light suspended light case had "consciousness of guilt" or other motivation to avoid the evidence through appearing in court because the outcome had been discussed between the three; the judge, the court supervisor, and the officer.

The Fifth Amendment has an explicit requirement that the Federal Government not deprive individuals of "life, liberty, or property," without due process of the law and an implicit guarantee that each person receive equal protection of the laws.

The Fourteenth Amendment explicitly prohibits states from violating an individual's rights of due process and equal protection. Equal protection limits the State and Federal governments' power to discriminate in their employment practices by treating employees, former employees, or job applicants unequally because of membership in a group, like a race, religion or sex. Due process protection requires that employees have a fair procedural process before they are terminated if the termination is related to a "liberty," like the right to free speech, or a property interest.

The **Confrontation Clause** of the Sixth Amendment to the United States Constitution provides that "in all criminal prosecutions, the accused shall enjoy the right...to be confronted with the witnesses against him." The Fourteenth Amendment makes the right to confrontation applicable to the states and not just the federal government. Crawford v. Washington and Out-of-Court Statements. Alabama Rules of Evidence Article VIII Hearsay Rule 801 states the declarant is the person that makes the out of court statement; oral, written or through an assertion but it is only allowed if the person is cross examined and face the penalty of perjury at trial or hearing.

26

If a person is arrested on less than probable cause, the United States Supreme Court has long recognized that the aggrieved party has a cause of action under 42 U.S.C. 1983 for violation of Fourth Amendment rights. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213 (1967).

Harlow v. Fitzgerald, 457 U.S. 800, 818 (there can be no objective reasonableness where

(a) United States Constitution, Fourth Amendment (including Warrants Clause), Fifth Amendment (Due Process and Equal Protection), Ninth Amendment (Rights to Privacy and Liberty), Fourteenth Amendment (Due Process and Equal Protection).

Relief is available in many forms here. Delcaratory relief, rulings by another Judge in the form of opinions establishing the Constitutionality or lack of Constitutionality of another Judge's actions and Injunctive relief, a command or order for an action or inaction, are just wo of the possibilities here, and both can be born from a jury's decision after the preponderance of evidence.

Trial by jury should be allowed here to preserve the Plaintiff's right to due process. Together with the due process clause of the Fifth Amendment, the Seventh Amendment guarantees civil litigants the right t an impartial jury.

---

McCoy v. Goldston,, 652 F. 2d 654 [6th Cir. 1981], Page 40
Snider v. Consolidation Coal Co. 973 F. 2d 555 [7th Cir. 1992[, Page 42
Rivas v. Brattesani, 94 F. 3d 802 [2nd Cir. 1996[, Page 41

When a lawsuit involves mixed questions of law equity, litigants may present the legal questions to a jury under the Seventh Amendment.

There may be issues of partisanship, as a Judge is asked to judge the actions of another Judge. A jury would guard against partisanship, be it conscious or subconscious, in that a Judge may not interject their personal opinions or observations to such an extent that they impair a litigant's right to a fair trial.

The Plaintiff, a Pro se litigant, in pursuit of what is defined in the Federal Rules of Civil Procedure 8 (f) as substantial justice, takes steps to make the Court aware of the following:

The courts provide pro se parties wide latitude when construing their pleadings and papers. When interpreting pro se papers, the Court should use common sense to determine what relief the party

desires. S.E.C. v. Elliott, 953 F.2d 1560, 1582 (11th Cir. 1992). See also, United States v. Miller, 197 F. 3d 644, 648 (3rd Cir. 1999) (Court has special obligation to construe pro se litigants' pleadings liberally); Poling v. K Hovnanian Enterprises. 99 F. Supp 2d 502, 506-07 (D. N.J. 2000).

Pro se litigants' Court submissions are to be construed liberally and held to less stringent standards than submissions of lawyers. If the court can reasonably read the submissions of lawyers. If the court can reasonably read the submissions, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with rule requirements.

McCoy v. Goldston, 652 F. 2d 654[6gh Cir. 1981], Page 40
Snider v. Consolidation Coal Co. 973 F. 2d 555 [7th Cir. 1992], Page 42
Rivas v. Brattesani, 94 F. 3d 802 [2nd Cir. 1996[, Page 41

McCoy v. Goldson, 652 F. 2d 654 [6th Cir. 198[, Page 40
Snider v. Consolidation Coal Co. 973 F. 2d 555 [7th Cir, 1992], Page 42
Rivas v. Brattesani, 94 F. 3d 802 [2nd Cir. 1996], Page 41

Morever, "the court is under a duty to examine the complaint to determine if the allegations provide for relief provide for relief on any possible theory," Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1334 (8th Cir. 1975) (quoting Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir. 1974).

Thus, if this court were to entertain any motion to dismiss this court would have to apply the standards of *White v. Bloom*. Furthermore, if there is any possible theory that would entitle the Plaintiff to relief, even one that the Plaintiff hasn't thought of, the court cannot dismiss this case.

## GOALS OF THIS SUIT

This suit is not about monetary gain-it is about the preservation of an individual's Constitutional rights and how an individual citizen should be shielded from the government's arbitrary abuse of power.

Although a monetary amount is a condition to allow the Seventh Amendment (trial by jury) to come to bear, it cannot, however, be removed from consideration here:

The monetary issue will mainly be realized through the hearing of denied motions and the failures of the due process of law and petitions.

This suit is to remove/void orders obtained by unconstitutional methods, and to allow motions and petitions that were filed properly and in a timely manner to be heard by a non-bias

---

[7] Boag v. MacDougall, 454 U.S. 364, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982); Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)(quoting Cnley v. Gibson, 355 U.S. 4, 45-46, 78 S.Ct. 99 2 L.Ed 2d 80 (1957); Haines v. Kerner, 404 U.S. 519, 92 S.Ct 594, 30 L.Ed 2d 652 (1972); McDowell v. Delaware State Police, 88 F.3d 188, 189 (3rd Cir. 1996); United States v. Day, 969 F.2d 39, 42 (3rd Cir. 1992) (holding pro se petition cannot be held to same standard as pleadings drafted by attorneys); Then v. I.N.S., 58 F.Supp. 422, 429 (D.N.J. 1999).

Entity.[8]  Further, it is to relieve the Plaintiff from arrest and incarceration, or various other sanctions upon reasonable assertion of his rights under the Constitution.

This suit seeks to punish no one-it simply seeks to obtain the rights that under Constitutional theory, should already be the Plaintiff's.

Once again, I am not asking that anyone be punished-I am asking for the overturning of judicial orders that should have been legally and Constitutionally impossible to enter.

## Conclusion

In Conclusion, the Plaintiff does pray that this Court observe the practice of fundamental fairness that is Substantial Justice and not act as Bystanders while a citizen is denied the right to redress when life, liberty, and property have been denied under color of law.

[8] Elrod v. Burns, 427 U.S. 347; 6 S.Ct. 2673; 49 L/Ed/2d (1976)
"Loss of First Amendment Freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."

United States Constitution, First Amendment: Right to petition; Freedom of association

Davis v. Wechler, 263 U.S. 2, 24; Stromberb v. California, 283 U.S. 359; NAACP v. Alabama, 375 U.S. 449
"The assertion of federal rights, shen plainly and reasonably made, are not to b defeated under the name of local practice."

Sherar v. Cullen, 481 F. 2d 946 (19730
"There can be no sanction or penalty imosed upon one because of his exercise of Constitutional rights."

29

Simmons v. United States, 390 U.S. 377 (1968)
"The claim and exercise of a Constitutional right cannot be converted into a crime"…"a denial of them would be a denial of due process of law."

The complaint finishes with a section entitled "Prayer for Relief." In such a case you can ask for an injunction ordering another judge to so something, or to refrain from doing something. Successful use of these suits has been made to nullify attachments, end incarcerations, declare laws or court practices unconstitutional and scare the heck out of black robed tyrants with gavels. See Pulliam v. Allen, 466 U.S. 522 (1983).

Wherefore plaintiff prays this Court issue equitable relief as follows:

1. Issue injunctive relief commanding defendants to . . .

2. Issue declaratory relief as this Court deems appropriate just.

3. Issue other relief as this Court deems appropriate and just.

4. Award plaintiff his costs of litigation.

Respectfully submitted,

Ernest Henderson

7400 Jefferson Blvd Suite 197338

Louisville, KY 40219

(502) 812-6397

5/24/2024
Date